988 F.2d 131
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PARKSON CORPORATION, Plaintiff-Respondent,
v.
FRUIT OF THE LOOM, INC., Union Underwear Company, Inc.,
Fruit Of The Loom Arkansas, Inc., Defendants,
and
Environmental Dynamics, Inc., Defendant-Petitioner.
 Misc. No. 364.
 United States Court of Appeals, Federal Circuit.
 Jan. 15, 1993.
 
 E.D.Ark.
 PETITION DENIED.
 Before PLAGER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 Environmental Dynamics, Inc. (EDI) petitions for permission to appeal the order certified for immediate appeal pursuant to 28 U.S.C. § 1292(b), (c)(1) by the United States District Court for the Eastern District of Arkansas. Parkson Corporation (Parkson) opposes.
 
 
 2
 This matter stems from a patent relating to a biological purification system issued to a German national, Reinhart von Nordenskjold, who is the sole proprietor of a German firm (VNO). A license agreement between Parkson and VNO gave Parkson an exclusive license to make, use, or sell the patented invention in the United States.
 
 The agreement also stated:
 
 3
 If ... infringement should be discovered, VNO and Licensee [Parkson] shall agree what action to take against the third party and how to share between VNO and Licensee any recovery obtained as a result of such action. If an agreement is not reached as to what action to take, either party has the right to take such action alone, and the other party shall give any assistance reasonably required.
 
 
 4
 As stated in a declaration, prior to commencement of Parkson's infringement suit against EDI and others, Parkson obtained VNO's agreement that Parkson alone would litigate this action.
 
 
 5
 EDI moved to dismiss on the alternative grounds that von Nordenskjold must be made a necessary party under Fed.R.Civ.P. 19(a) or that the action must be dismissed under Fed.R.Civ.P. 19(b) if he could not be made a party. In its opposition, Parkson attached a declaration by von Nordenskjold stating that he and VNO declined to be joined as plaintiffs, but that they agreed to be bound by the outcome, would bring no independent action against EDI, would cooperate with discovery requests, and von Nordenskjold would make himself available in the United States for deposition.
 
 
 6
 The district court denied EDI's motion to dismiss. The district court stated that von Nordenskjold would be a necessary party under R. 19(a) if he were subject to service of process.[1] However, the district court determined that the action did not have to be dismissed pursuant to R. 19(b)[2] because, inter alia, there was no significant threat of future litigation in view of von Nordenskjold's declaration and no prejudice concerning discovery because von Nordenskjold agreed to cooperate. The district court also certified the order for immediate appeal.
 
 
 7
 Pursuant to 28 U.S.C. § 1292(b), (c)(1), this court may, in its discretion, permit an appeal to be taken from a district court order that involves a controlling question of law as to which there is substantial ground for difference of opinion and when immediate appeal may materially advance the ultimate termination of the litigation.
 
 
 8
 EDI argues that there is a split of opinion on the meaning of R. 19(a) and that the district court misinterpreted the rule. However, whether the district court interpreted R. 19(a) properly is not central to the matter at issue here because the issue of whether to proceed or dismiss must be made, and was made here, under R. 19(b). EDI does not persuasively argue that the district court's analysis of the factors set forth in R. 19(b) involves a "controlling question of law" or that there is a split of opinion on any question of law relating to dismissal under R. 19(b). Rather, EDI disagrees with the district court's ruling. Such disagreement does not make the district court's order an appropriate one for interlocutory review.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 EDI's petition for permission to appeal is denied.
 
 
 
 [1]
 Fed.R.Civ.P. 19(a) provides:
 (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.
 
 
 [2]
 Fed.R.Civ.P. 19(b) provides:
 (b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if action is dismissed for nonjoinder.